**The ESTATE OF Paul K. SHERMAN**

v.

**The Honorable Antonio S. ALMEIDA, et al.**

No. 91–677–M.P.

Supreme Court of Rhode Island.

June 16, 1992.

OPINION

PER CURIAM.

This matter came before the court for oral argument on May 4, 1992, on a petition for writ of error coram nobis wherein the petitioner, the estate of Paul K. Sherman (estate), seeks to have this court set aside and vacate its opinion in *In re Sherman*, 565 A.2d 870 (R.I.1989). The petition also seeks (1) a suspension of Rule 1.5(c) of Rule 47 of the Supreme Court Rules, the Rules of Professional Conduct, (2) a temporary declaration of policy governing future attorney contingent-fee arrangements, (3) a declaration that the contingent fee awarded in the case *sub judice* was void for illegality and fraud, (4) a declaration that the opinion and order issued in *In re Sherman* shall not be used as an affirmative defense to any action taken by the estate for return of the attorney fees awarded, (5) an order that the assets of the respondents be frozen pending resolution of this action, and (6) any further relief this court deems proper.

By order dated March 6, 1992, we denied petitioner's prayers relating to the suspension of Rule 1.5(c) and to a temporary declaration of policy governing contingent fees because petitioner lacked standing to raise these issues within the context of the petition. *In re Sherman*, Order No. 91–677–M.P. (R.I., filed March 6, 1992). The petitioner further limited its prayers at oral argument and withdrew its request for relief that the order and opinion issued in *In re Sherman* not be used by respondents as an affirmative defense and that respondents' assets be frozen. Consequently the remaining prayers for relief in this petition are that we set aside and vacate the opinion and order in *In re Sherman*, declare the contingent fee awarded in that case void for illegality and fraud, and grant any other relief deemed proper.

Robert Senville, Providence, for plaintiff.

Thomas C. Angelone, Hodosh, Spinella & Angelone, William A. Dimitri, Jr., Dimitri & Dimitri, Joseph A. Kelly, Providence, for defendants.

██ The Rhode Island Constitution vests the Supreme Court with the power to issue prerogative writs. R.I. Const. art. 10, sec.

2; *see also* G.L.1956 (1985 Reenactment) § 8–1–2. The power to issue such writs is not confined by any narrow definition of a particular writ, and the Supreme Court has jurisdiction to adapt, to modify, or to frame new writs to meet the needs of the judicial system. *Hyde v. Superior Court,* 28 R.I. 204, 211, 66 A. 292, 295 (1907). This jurisdiction provides the court with flexibility to further justice which may not be provided in current statutes and is the authority under which we hear the instant petition for writ of error coram nobis.

■ The writ of error coram nobis is an extraordinary writ governed by Rule 13 of the Supreme Court Rules of Appellate Procedure. Rule 13 provides in pertinent part:

"13. Extraordinary writs.—(a) *Petition for Issuance of Writ.* Other than for habeas corpus and except where otherwise provided for by statute a proceeding seeking the issuance of an extraordinary writ shall be by petition. The petition shall include (1) a concise statement of the case containing the facts material to consideration of the questions presented in sufficient detail as to enable the court to determine the desirability of issuance of the writ, (2) a statement setting forth with particularity why the relief sought is not available in any other court, or cannot be had through other appellate processes, and (3) a copy of any order or opinion which the petitioner seeks to have reviewed and any other parts of the record which may be essential to an understanding of the matters set forth in the petition."

Although Rule 13 establishes the criteria for the issuance of an extraordinary writ, the rule prescribes no pleading or form for the petition. In the absence of such form we look to the Superior Court Rules of Civil Procedure. Rule 60(b)(6) of the Superior Court Rules of Civil Procedure abolishes prerogative writs and replaces them with independent actions and motions for relief from judgment. Rule 60 does not, however, identify specific motions or actions to replace specific writs, and the appropriate motion or action is determined by the nature of the writ it replaces.

■ The writ of error coram nobis is a common-law procedural remedy to correct errors of fact only. The writ lies in the court which rendered the judgment, and its function is to bring before such court matters of fact which, if known at the time judgment was rendered, would have prevented the judgment from being entered. *Commonwealth v. Mangini,* 478 Pa. 147, 163, 386 A.2d 482, 490 (1978). In the instant matter, petitioner seeks relief from respondents' purposeful nondisclosure of illegal activity. The petitioner asserts that if respondents' illegal activity had been disclosed, this court would not have issued the opinion and order contained in *In re Sherman.* In seeking relief, the estate drafted its petition as a motion to vacate judgment for fraud upon the court. *See Friendly Home, Inc. v. Shareholders and Creditors of Royal Homestead Land Co.,* 477 A.2d 934, 937 (R.I.1984). We agree that this is the appropriate pleading for the petition.

■ Rule 13 requires that the petition for extraordinary writ include a statement of the case containing sufficient material facts of the error which is the basis for the relief sought. The material facts must be found in a court record, and claims unsupported by such record will not be considered. Furthermore, factual error cannot be established by unanswered allegations in the petition, and failure to present an adequate record supporting the claim is grounds for denial. Supreme Court Rule of Appellate Procedure 13(c).

■ The record before the court in support of the instant petition is inadequate. The petition contains no findings of fact and no record from other proceedings which support the petitioner's claims. Although the petitioner's complaint alleges sufficient facts, the respondents do not answer specific allegations of illegal activity. We may not consider these unanswered allegations and are restricted to review only the few answers filed. This record is insufficient to review the merits of the petitioner's claim; consequently, we decline to exercise jurisdiction over the petition.

In declining to exercise jurisdiction, we deny the petition without prejudice in order

that the petitioner seek an evidentiary hearing in Superior Court, which may or may not create a record which merits our review. Therefore, for the reasons stated, the petition for writ of error coram nobis is denied, without prejudice.